IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2009 JUN 19 AM 8: 21
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| MIKE SAMADI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 109-002 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

The above-captioned matter is now before the Court Defendant's "Motion to Dismiss as Sanction for Plaintiff's Failure to Attend His Own Deposition, or Alternatively, to Compel Plaintiff's Timely Deposition, and Response to Plaintiff's Motion to Compel" (doc. nos. 21-1, 21-2), and *pro se* Plaintiff's motion for extension of time to complete discovery (doc. no. 22). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**, but that the motion to compel Plaintiff's deposition and for sanctions be **GRANTED**, and that Plaintiff's motion for an extension of time be deemed **MOOT.**[1]

---

[1] In a simultaneously filed Order, the Court addresses Plaintiff's motion to compel discovery and his motion to submit additional evidence in support of his motion to compel discovery. (Doc. nos. 20, 23).

## I. BACKGROUND

Plaintiff commenced this civil action in the Superior Court of Columbia County, Georgia on October 30, 2008. Thereafter, the matter was timely removed to this Court. (Doc. no. 1). Defendant answered Plaintiff's complaint, and on February 19, 2009, a Scheduling Order was entered setting the discovery deadline for May 29, 2009. (Doc. nos. 9, 16).

The parties began exchanging discovery. On March 4, 2009, Plaintiff served written discovery requests on Defendant, and Defendant responded to the requests on April 6, 2009. (Doc. no. 21, p. 1). On April 10, 2009, Defendant served its interrogatories, requests for production of documents, and requests for admissions on Plaintiff. (Id. at 1-2). Thereafter, according to defense counsel, she attempted to arrange a date for Plaintiff's deposition and proposed the date of May 21, 2009. (Id. at 2). In response to the May 21, 2009 suggested date, Plaintiff indicated that he would be unavailable because he had plans until mid-June. As a result of Plaintiff's communication, defense counsel reminded Plaintiff that discovery was set to close on May 29th. Defense counsel maintains that Plaintiff "refused and failed to identify any viable alternatives within the discovery period." (Id.).

Defendant states that in order to preserve its right to compel Plaintiff's deposition in the absence of any alternative date, Defendant noticed Plaintiff's deposition for May 21, 2009. (Doc. no. 21, p. 2).[2] In response to the notice for deposition, Plaintiff left a voice mail for Defendant's counsel stating his reasons for his unavailability to appear for his deposition. Among his reasons were his dissatisfaction with Defendant's discovery responses. Plaintiff

---

[2]Along with the deposition notice, Defendant served a letter suggesting Plaintiff propose an alternative time, location, or date within the discovery period, if needed. (Doc. no. 21, p. 2).

also filed an "Objection to the Deposition."[3] (Doc. no. 18). Thereafter, Defendant's counsel returned a telephone call to Plaintiff, in a continued attempt to arrange a deposition date. Defense counsel states that during this telephone call, "Plaintiff became angry, raised his voice, and hung up on [defense counsel]." After this telephone call, the parties continued to attempt to arrange a deposition date. Defense counsel noticed a deposition for May 20, 2009, a date for which Plaintiff did not assert a specific conflict. However, on May 15, 2009, Plaintiff called and e-mailed defense counsel stating he would only agree to a deposition held on Memorial Day, May 25, 2009, and only if Defendant submitted, one day prior to the deposition, documents responsive to Plaintiff's alleged second request for production. Plaintiff has yet to be deposed.

In the mean time, Plaintiff, on May 14, 2009, filed his motion to compel responses to his "first interrogatories and firs productions of documents" and his "Second Request for Production of Document and Discovery Material." (Doc. no. 20). Plaintiff argued that Defendant did not provide adequate responses to the first set of interrogatories and production of documents. (Id. at 1). Plaintiff also stated that Defendant did not respond to his second request for production of documents and other discovery material. (Id. at 2).

On May 29, 2009, Defendant filed its motion to dismiss or, in the alternative, motion to compel and for sanctions and extension of discovery which included its response to Plaintiff's motion to compel. (Doc. nos. 21-1, 21-2). Finally, in response to Defendant's motion to dismiss, Plaintiff filed a "motion to submit additional evidence in support of his

---

[3]This document explains, *inter alia*, Plaintiff's dissatisfaction with Defendant's responses to Plaintiff's discovery requests and asserts that Defendant was "repeatedly informed" that Plaintiff is unavailable for his deposition until sometime in mid[-]June 2009. (Doc. no. 18).

motion to compel discovery." (Doc. no. 23). Although captioned as a motion to submit additional evidence, this "motion" directly addresses matters raised by defense counsel in her motion to dismiss. In this motion, Plaintiff claims that it is Defendant that is being uncooperative in the discovery process. (Id. at 1). For example, concerning the attempts to arrange a date for his deposition, Plaintiff states that he has provided exhibits that show that he "not only tried to resolve issues with [defense] counsel, but also made concessions for deposition. . . . [Plaintiff] even made a final concession in this email . . . stating that he would be willing to dismiss this matter, if and only if [Defendant] corrects the derogatory items reported on his credit files and pay the expenses he incurred."[4] (Id. at 1-2).

## II. DISCUSSION

The Court turns first to Defendant's motion to dismiss or in the alternative, motion to compel Plaintiff to attend his deposition. (Doc. no. 21-1, 21-2). In this motion Defendant requests that Plaintiff's case be dismissed as a sanction for Plaintiff's refusal to attend his own deposition. (Id.). Plaintiff alleges that because Defendant is refusing to adequately respond to his discovery requests and is generally being uncooperative in the discovery process,

---

[4]Plaintiff attached an exhibit of an email he sent defense counsel which states:

I will make myself available for May 25, 2009, on the condition that at a minimum a day prior to the deposition you respond to my requests for discovery and provide me the material and list of names I asked for (especially my second request for all SPECIFIC documents and names of representatives who made decisions on the loans - issues of ALL of the accounts discussed in the complaints and those who ordered inspection and informed me of the repairs). Otherwise, I will NOT agree to the deposition.

I have already filed my Motion to Compel Discovery. If you wish to receive an email or faxed copy, I will be glad to provide you a copy. . . .

(Doc. no. 21, Ex. C, ¶¶ 5, 6).

4

Plaintiff does not believe he is required to submit to his deposition. (See generally doc. nos. 20, 23).

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[5] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Defendant relies on Fed. R. Civ. P. 37 to support its request that this case be dismissed based on Plaintiff's failure to cooperate in discovery. (Doc. no. 21). Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

Although Plaintiff claims that it is Defendant that has been uncooperative in discovery, the record reflects otherwise. Rather, the record shows that Plaintiff has unreasonably refused to make himself available for deposition. Defendant has repeatedly attempted to set a date for Plaintiff's deposition within the designated discovery period. At first, Plaintiff refused to agree to a date, and he indicated he would be available for a deposition only after discovery in this matter was closed. Then, when Plaintiff provided an alternative date to hold his deposition, the date proposed by Plaintiff was a federal holiday; and even then, Plaintiff stated he would only appear for his deposition:

> on the condition that at a minimum a day prior to the deposition you respond to my requests for discovery and provide me the material and list of names I asked for (especially my second request for all SPECIFIC documents and names of representatives who made decisions on the loans - issues of ALL of the accounts discussed in the complaints and those who ordered inspection and informed me of the repairs). Otherwise, I will NOT agree to the deposition.

(Doc. no. 21, Ex. C).

The Court is aware that Plaintiff contends that he has made efforts to set his deposition date. However, the Court notes that the tenor of his responses to defense counsel concerning the deposition date have been argumentative at best. Here, clearly, Plaintiff has not cooperated in making himself available for his deposition. The Court is also aware that Plaintiff is dissatisfied with the responses Defendant provided to Plaintiff's sought-after

discovery requests. Nevertheless, Plaintiff, <u>after engaging in a good faith effort to resolve the discovery</u> dispute should have filed the appropriate discovery motion pursuant to the Federal Rules of Civil Procedure, and not used his dissatisfaction with Defendant's discovery responses as an excuse not to comply with his responsibilities.

Despite Plaintiff's recalcitrance, the Court finds that a lesser sanction of paying Defendant's attorney's fees and expenses generated by its attempt to depose Plaintiff and preparation of the resultant motion for sanctions would be an appropriate sanction to deter Plaintiff from further misconduct in this case but yet allow the case to proceed to an investigation of the merits of Plaintiff's claims. Should the district court adopt this Court's recommendation for monetary sanctions rather than dismissal, Defendant shall submit a request for expenses incurred in the attempt to depose Plaintiff and preparation of the resultant motion for sanctions within fifteen (15) days of the date of the district court's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

Additionally, the Court recognizes the need for Defendant to depose Plaintiff in this action, and the Federal Rules of Civil Procedure allow depositions by oral examination to be taken by either party as a matter of right. <u>See</u> Fed. R. Civ. P. 30. Therefore, should the district court adopt this Court's recommendation for monetary sanctions rather than dismissal, Plaintiff **SHALL** make himself available for his deposition in compliance with the Federal Rules of Civil Procedure within seven days of the date of the Order adopting the Report and Recommendation. While the discovery period in this action expired on May 29, 2009, if this

Report and Recommendation is adopted by the District Judge as the opinion of this Court, discovery will be extended until July 15, 2009.[6] The deadline for filing civil motions, excluding motions in limine, should also be extended until August 15, 2009. Accordingly, Defendant's motion to dismiss (doc. no. 21-1) should be **DENIED**, but the motion to compel Plaintiff's deposition and for sanctions (doc. no. 21-2) should be **GRANTED**.

The Court cautions Plaintiff that he has a duty to cooperate fully in any discovery initiated by Defendant. Plaintiff shall, upon being given five (5) days notice, appear and permit his deposition to be taken. Failing to attend, failing to answer questions that seek information relevant to the subject matter of the pending action or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Fed. R. Civ. P. 37(b)(2), 37(d).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's motion to dismiss be **DENIED**, but that the motion to compel Plaintiff's deposition and for sanctions be **GRANTED**, and that Plaintiff's motion for an extension of time be deemed **MOOT**.

SO REPORTED and RECOMMENDED this 19th day of June, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]In light of the above recommendation, Plaintiff's motion for extension of time to complete discovery (doc. no. 22) should be deemed **MOOT**.