IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MIKE SAMADI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 109-002 |
| BANK OF AMERICA, N.A., | ) ) | |
| Defendant. | ) ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 27-1, 27-2).[1] In addition, Plaintiff filed various miscellaneous motions (doc. nos. 29-31). The Court will address each document in turn.

First, the Court turns to Plaintiff's objections (doc. no. 27-1) to the Report and Recommendation. The Magistrate Judge recommended that Defendant's motion to dismiss Plaintiff's complaint as a sanction be denied, but that in the alternative, Defendant's motion to compel Plaintiff's deposition and for sanctions be granted.[2] (Doc. no. 24). Plaintiff's objections vehemently reiterate his position that it is Defendant that has been uncooperative in discovery and therefore, Plaintiff should not be required to sit for his deposition until

---

[1]Plaintiff's objections also request that the June 19, 2009 Order denying his motion to compel be vacated. (Doc. no. 27-2).

[2]The Magistrate Judge also noted that in light of the recommendation, Plaintiff's motion for an extension of time should be deemed moot. (Doc. no. 24).

Defendant complies with Plaintiff's discovery requests. Plaintiff argues that the Magistrate Judge considered "every argument[] of Defendant and ignored its deceptive acts and the fact[] that Plaintiff's discovery rights were violated and were downplayed." (Doc. no. 27, p. 1).

Contrary to Plaintiff's argument that the Magistrate Judge ignored Defendant's "deceptive acts" and downplayed the fact that Plaintiff's discovery rights were allegedly being violated, the Court notes that the Magistrate Judge clearly expressed Plaintiff's perspective that Defendant was being uncooperative and avoiding responding to, and/or giving insufficient responses to, Plaintiff's discovery requests. However, as noted by the Magistrate Judge, even if Plaintiff was dissatisfied with the responses and/or lack thereof that Defendant provided to Plaintiff concerning his sought-after discovery, Plaintiff – <u>after engaging in a good faith effort to resolve the discovery dispute</u> – should have filed the appropriate discovery motion pursuant to the Federal and Local Rules of Civil Procedure. (Doc. no. 24, pp. 3-4, 6-7). Plaintiff should not have used his dissatisfaction with Defendant's discovery responses as an excuse not to comply with his responsibilities. (<u>Id.</u>). To the extent Plaintiff argues that discovery in this case has been one-sided in Defendant's favor, the Court notes that all parties must comply with the Federal and Local Rules of Civil Procedure. Plaintiff simply has failed to do so.[3] Therefore, Plaintiff's objections to the

---

[3]Indeed, the Magistrate Judge denied Plaintiff's motion to compel for his failure to comply with Local Rule 26.5. Notably, Plaintiff requests that the June 19, 2009 Order denying his motion to compel be vacated. (Doc. no. 27-2). However, as previously stated, the Magistrate Judge denied Plaintiff's motion to compel for his failure to comply with Local Rule 26.5; the Magistrate Judge did not rule on the merits. Plaintiff has offered no information to suggest that he did in fact comply with Local Rule 26.5. Rather, Plaintiff argues that he is entitled to the sought-after discovery information, but Defendant is being

Report and Recommendation (doc. no. 27-1) are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion to dismiss is **DENIED**, but the motion to compel Plaintiff's deposition and for sanctions is **GRANTED**. Furthermore, Plaintiff's motion for an extension of time is **MOOT**. Defendant shall submit a request for expenses incurred in the attempt to depose Plaintiff and preparation of the resultant motion for sanctions within fifteen (15) days of the date of the date of this Order; Plaintiff shall then have fifteen (15) days to respond to that filing. The Court will then decide what award of reasonable expenses may be appropriate.

Additionally, Plaintiff **SHALL** make himself available for his deposition in compliance with the Federal Rules of Civil Procedure within ten days of the date of this Order. While the discovery period in this action expired on May 29, 2009, discovery will be extended until September 15, 2009. The deadline for filing civil motions, excluding motions in limine, will also be extended until October 15, 2009. Plaintiff shall, upon being given five (5) days notice, appear and permit his deposition to be taken. Failing to attend, failing to answer questions that seek information relevant to the subject matter of the pending action or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. Fed. R. Civ. P. 37(b)(2)

---

uncooperative and is refusing to produce the discovery. However, Defendant's purported refusal to produce the discovery has no bearing on Plaintiff's failure to comply with the procedural requirements of the Local Rules. Stated otherwise, had Plaintiff filed a motion to compel that complied with Local Rule 26.5, regardless of whether Plaintiff was entitled to the sought after discovery, Plaintiff's motion would not have been denied for failure to comply on procedural grounds. As such, Plaintiff's motion to vacate the Order of June 19, 2009 (doc. no. 27-2), is **DENIED**.

and (d).

Next, the Court turns to Plaintiff's "Motion to Sanction Defendant's Counsel or in Alternative Motion for Injunctive Relief." (Doc. no. 29). This is a two paragraph motion in which Plaintiff asks the Court, based on his reasons stated in his objections to the Report and Recommendation and motion to vacate the June 19th Order, to sanction defense counsel. (Id.). Plaintiff argues that defense counsel has acted in bad faith and has been deceitful. Thus, Plaintiff maintains that pursuant to Chambers v. Nasco, Inc., 501 U.S. 32 (1991), he is entitled to sanctions or an injunction. As the Court overruled Plaintiff's objections to the Report and Recommendation and found no reason to vacate the June 19th Order, sanctions are not warranted on this basis.

Additionally, Plaintiff's attempts to equate the facts of this case to those of Chambers fail. In particular, as the facts of Chambers and the case *sub judice* are distinguishable, Plaintiff's reliance on Chambers to support his request for sanctions is misplaced. Chambers is a breach of contract case where the defendant and his counsel attempted to interfere with the district court's jurisdiction over the case. Despite being warned by the presiding District Judge that their actions had been unethical, the defendant and his counsel continued to abuse the judicial process, refused to comply with the court's orders, and filed a series of meritless motions and pleadings. Id. at 38, 39.

Here, Plaintiff believes that defense counsel is, *inter alia*, wrongfully withholding discovery, acting in bad faith, and being deceitful. (Doc. no. 31, p. 1). However, a discovery dispute between two parties in no way equates to the egregious situation in Chambers where the defendant and his counsel ignored or refused to comply with court orders, had sanctions assessed against them, and filed meritless motions. At best, even if the Court were to take

4

Plaintiff's allegations about defense counsel's actions as true, they do not rise to the level of the conduct in Chambers.[4] Accordingly, for the reasons stated above, sanctions are not warranted against Defendant.[5] Therefore, Plaintiff's motion for sanctions (doc. no. 29) is **DENIED**.

Lastly, the Court turns to Plaintiff's "Motion to Disclose All Evidences [sic]," in which he requests all information pursuant to Brady v. Maryland, 373 U.S. 83 (1963), held by Defendant. (Doc. no. 30). Although Plaintiff relies on Brady for the proposition that he is entitled to all relevant evidence from Defendant, Brady is a criminal case.[6] Here, Plaintiff has filed a civil action, and he must proceed pursuant to the rules of civil procedure. As the Court has repeatedly noted, he must, if he intends on going forward with his case, comply with the Federal and Local Rules of Civil Procedure.

---

[4]Plaintiff argues that he can prove his allegations by submitting secretly recorded conversations between he and defense counsel. (Doc. no. 31, p. 1). However, because, as discussed above, sanctions are not warranted even if Plaintiff's allegations are assumed to be true, there is no need to submit the secret recordings. Therefore, his request to submit the recordings (doc. no. 31) is **DENIED**. To be clear, the Court is not preventing Plaintiff from filing meritorious discovery motions. However, the secret recordings are simply not relevant to the case.

[5]To the extent Plaintiff stated he seeks injunctive relief based on Chambers, his request misses the mark. A temporary restraining order is usually sought "to preserve the status quo until the Court can conduct a thorough inquiry into the propriety of a preliminary or permanent injunction." Hospital Resource Personnel, Inc. v. United States, 860 F. Supp. 1554, 1556 (S.D. Ga. 1994) (Bowen, J.). In Chambers, the plaintiff sought a TRO to prevent alienation or encumbrance of the properties at issue, i.e., to keep the properties as they were. Here, Plaintiff does not seek to preserve the status quo, but rather upset the status quo by requiring Defendant to do something it is allegedly not doing. Therefore, Plaintiff's request for injunctive relief is improper.

[6]The Brady court held that the defendant's due process rights were violated because he was entitled to exculpatory evidence that had been suppressed by the government. Brady, 373 U.S. at 87.

5

Furthermore, as the June 19th Order denying Plaintiff's motion to compel clearly set forth, the Court has a Local Rule that governs the filing of discovery motions. The Rule provides:

> **LR 26.5 Discovery Motions and Objections.** Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
> (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
> (b) include the specific ground for the motion or objection; and
>
> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another. Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
> Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(2) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5. As with his prior motion to compel, Plaintiff has not followed the procedural requirements of the Local Rules in seeking disputed discovery information form Defendant. In particular, Plaintiff has not provided a certification of a good faith effort to resolve any discovery dispute. Nor has Plaintiff provided any specific language about the discovery requests that have not been answered, let alone quote verbatim each interrogatory, as required by Loc. R. 26.5. Failing to comply with the Local Rules may result in summary denial of a motion. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*).

Therefore, as Brady is not applicable to Plaintiff's case, and Plaintiff's discovery motion in no way complies with the requirements of the Local Rules, his "Motion to Disclose All Evidences [sic]" (doc. no. 30), is **DENIED**.

SO ORDERED this 21st day of August, 2009, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA